IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROCKY W. GARNER,

    Plaintiff,

v.

THE CBE GROUP, INC.,

    Defendant.

Case No. 5:19-cv-01030

## COMPLAINT

NOW COMES Plaintiff, ROCKY W. GARNER, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, THE CBE GROUP, INC., as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Texas Debt Collection Act ("TDCPA"), Tex. Fin. Code Ann. § 392 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

### PARTIES

5. ROCKY W. GARNER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Converse, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1)

8. THE CBE GROUP, INC. ("Defendant") is a foreign corporation with its principal place of business located in Waterloo, Iowa.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

13. Defendant is a "third-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7) as it is a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone numbers ending in 2892.

15. At all times relevant, Plaintiff's numbers ending in 2892 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. Charter Communications, Inc. referred Plaintiff's delinquent account balance of $719.00 to Defendant for collection.

18. Plaintiff's $719.00 balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an *unpaid* obligation to pay money arising out of a transaction in which the services which are the subject of the transaction are primarily for personal, family, or household purposes.

19. Plaintiff's $719.00 balance is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction.

20. In June 2019, Plaintiff started to receive daily phone calls from Defendant seeking payment.

21. On multiple occasions, Plaintiff answered.

22. Knowing his rights, Plaintiff demanded that Defendant stop calling.

23. In spite of Plaintiff's demands, the phone calls persisted.

24. In total, Defendant placed (or caused to be placed) no less than twenty (20) *unwanted* phone calls to Plaintiff.

25. Defendant's unconsented-to phone calls resulted in aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

26.	All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

27.	Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

>	(5)	Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

28.	Defendant violated 15 U.S.C. § 1692d(5) by continuously or repeatedly calling Plaintiff despite Plaintiff's multiple demands that Defendant stop calling.

29.	Defendant's behavior of repeatedly calling Plaintiff was abusive, harassing, and oppressive.

30.	Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

>	(1)	any actual damage sustained by such person as a result of such failure;
>
>	(2)
>
>	>	(A)	in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or
>
>	(3)	in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692d(5);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT III:
### Texas Debt Collection Practices Act (Tex. Fin. Code Ann. § 392.001 *et. seq.*)

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Tex. Fin. Code Ann. § 392.302(4)**

32. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

(4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

33. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by calling Plaintiff on no less than 20 occasions despite Plaintiff's multiple demands that Defendant stop calling.

34. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a) A person may sue for:

    (1) injunctive relief to prevent or restrain a violation of this chapter; and

    (2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B. an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C. an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D. an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 26, 2019                                                                Respectfully submitted,

**ROCKY W. GARNER**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181

jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com